UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CANOVAS, et al., | No. 2:14-cv-2004 KJN P |
| Plaintiffs, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff Michael Canovas is a former state prisoner, and Tamara Canovas is his wife; both are proceeding without counsel. Defendants removed this action from the Sacramento County Superior Court and paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Defendants filed a request for screening order, and a request for extension of time to file a responsive pleading. Defendants' requests are granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

6  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

7  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

8  1227.

9        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

16  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

18  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

19  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

20  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

21  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

22  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

23        Plaintiffs raise two retaliation claims in violation of the First, Fifth and Fourteenth

24  Amendments:  defendants deprived plaintiffs of visitation privileges for exercising their

25  "constitutional, statutory and regulatory rights," and defendants issued a false prison report "in

26  retaliation for the exercise of plaintiffs' constitutional rights."  (ECF No. 1 at 20.)

27        Plaintiffs name 13 defendants, as well as John Doe defendants 1-100.  The Ninth Circuit

28  has held that where a defendant's identity is unknown prior to the filing of a complaint, a plaintiff

should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Here, however, plaintiffs do not identify each defendant doe and his or her alleged act committed which plaintiffs contend violated their constitutional rights. This pleading is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiffs claim violate their federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiffs' federal rights, plaintiffs are granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiffs can only list these defendants as John Doe, plaintiffs must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiffs are reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In addition, plaintiffs name the California Department of Corrections as a defendant. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiffs' claims against the California Department of Corrections are legally frivolous and must be dismissed. Plaintiffs should not include this defendant in any amended complaint.

Plaintiffs name D. Artis, Office of Appeals, and Chief J.D. Lozano, Office of Appeals, as defendants. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see

1    also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest
2    entitling inmates to a specific grievance process), cert. denied, 541 U.S. 1063 (2004).  Put another
3    way, prison officials are not required under federal law to process inmate grievances in a specific
4    way or to respond to them in a favorable manner.  Because there is no right to any particular
5    grievance process, a plaintiff cannot state a cognizable civil rights claim for a violation of his due
6    process rights based on allegations that prison officials denied or failed to properly process
7    grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010)
8    (allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable
9    claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov.
10   20, 2009) (allegations that prison officials screened out his inmate appeals without any basis
11   failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D.
12   Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his
13   administrative claims.").  Thus, plaintiffs' allegations as to defendants Artis and Lozano fail to
14   state a cognizable Fourteenth Amendment claim.  Plaintiffs allege no facts demonstrating that
15   defendants Artis and Lozano were aware of the alleged retaliatory acts by defendants Heinz,
16   Goodrich or Helsvig.
17            Plaintiffs' complaint includes no charging allegations as to defendant Jean Weiss,
18   Ombudsman.  In addition, in paragraphs 21 and 38, plaintiffs raise unrelated allegations
19   concerning delays in receiving a signed power of attorney, processing internal paperwork,
20   allegedly locking other inmates up in stairwells, delivery of U.S. Mail allegedly being out of
21   compliance with Title 15,[1] and the delay of plaintiff Michael Canova's release from prison.  Such
22   allegations are not related to the two retaliation claims at issue here and should not be repeated in
23   any amended complaint.
24   ////
25

---

[1] While Title 15 of the California Code of Regulations governs the conduct of prison employees, it does not provide a cause of action against them.  See, e.g., Chappell v. Newbarth, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); Parra v. Hernandez, 2009 WL 3818376, at **2, 8 (S.D. Cal. Nov. 13, 2009) (same).

Plaintiffs' claims concerning defendant Helsvig's statement to Tamara Canova in the visiting room, set forth in paragraph 37, fail to state a constitutional violation. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Plaintiffs should not renew such claims in any amended complaint.

With regard to plaintiffs' claims concerning the false positive urinalysis, plaintiffs must allege more in order to state a Fourteenth Amendment claim. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," so long as they are "not . . . deprived of a protected liberty interest without due process of law.").[2]

////

---

[2] In addition, the falsification of disciplinary reports does not state a standalone constitutional claim. See, e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012). Indeed, as set forth above, there is no constitutional right to a prison administrative appeal or grievance system, Ramirez , 334 F.3d at 860; Mann, 855 F.2d at 640, and a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). In sum, plaintiffs' allegations of a false report, standing alone, does not state a cognizable constitutional claim. See, e.g., Higgins v. Medina, 2009 WL 3255268, *3 (E.D. Cal. 2009) (finding not cognizable plaintiff's due process claim arising from the falsification of reports and other documents relating to incident of excessive force because prisoners do not have an independent right, grounded in the Due Process Clause, to an accurate prison record).


Moreover, plaintiffs fail to allege facts demonstrating that defendant Helsvig intentionally performed the inaccurate lab test in retaliation for plaintiffs' conduct protected by the First Amendment. In addition, as to plaintiffs' visiting claims against the remaining defendants, plaintiffs fail to allege specific facts addressing the five elements of a retaliation claim.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate[3] (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To show that the adverse action was taken because of protected conduct,[4] there must be evidence linking the alleged retaliation to the exercise of a constitutional right. See Mt. Healthy, 429 U.S. at 287 ("[I]n this case, the burden was properly placed upon [the plaintiff] to show that his conduct was constitutionally protected, and that this conduct was a 'substantial factor' or to put it in other words, that it was a 'motivating factor' in the [alleged retaliatory conduct]"); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). However, retaliation may also be inferred from the timing and nature of the alleged retaliatory activities. Pratt, 65 F.3d at 808 (citing Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989)).

////

---

[3] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (type of investigation conducted and the manner in which the individual defendants carried out their functions constituted adverse action).

[4] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (same).

6

1    The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is thus on plaintiffs to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt, 65 F.3d at 808 ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

With regard to plaintiffs' claims concerning the deprivation of visiting privileges, there is no constitutional right to visitation for convicted prisoners, their family and spouses. Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003) (upholding prison regulations banning visitation privileges entirely for a two-year period for inmates with two substance abuse violations and regulating the conditions of visitations by others as not affecting constitutional rights that survive incarceration); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) (no liberty interest in visits with "a particular visitor"); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002), cert. denied, 537 U.S. 1039 ("[I]t is well-settled that prisoners have no constitutional rights while incarcerated to contact visits or conjugal visits."); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986) (denial of contact visitation does not violate Eighth Amendment), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1985); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). The United States Supreme Court has ruled that inmates do not have a constitutional right to contact visits; stating that the rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant discussion. Block v. Rutherford, 468 U.S. 576, 586 (1984). The Court also held that a complete ban on contact visits did not infringe on constitutional rights. Id.

////

////

Plaintiffs' complaint lacks allegations that either plaintiff was engaged in conduct protected by the First Amendment. Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances," Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), and to "pursue civil rights litigation in the courts." Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Here, there are no allegations regarding actions taken against plaintiffs because they were attempting to file grievances or pursue civil litigation. Moreover, plaintiffs have the burden to allege facts demonstrating that each defendant's alleged retaliatory action "did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68. Restrictions curtailing forms of visitation have been found to be legitimate penological goals. See Overton, 539 U.S. at 133 ("[F]reedom of association is among the rights least compatible with incarceration" and "some curtailment of that freedom must be expected in the prison context"); see also Gerber, 291 F.3d at 621 ("prisoners have no constitutional right while incarcerated to contact visits").

The court finds the allegations in plaintiffs' complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs' claim. Id. Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the conditions about which they complain resulted in a deprivation of plaintiffs' constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiffs' amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' requests (ECF No. 3) are granted; defendants are not required to file a responsive pleading until further order of the court;

2. Plaintiffs' complaint is dismissed; and

3. Within thirty days from the date of this order, plaintiffs shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiffs' amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 30, 2014

/cano2004.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL CANOVA, TAMARA CANOVA, | No. 2:14-cv-2004 KJN P |
|---|---|
| Plaintiffs, | |
| v. | NOTICE OF AMENDMENT |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____   Amended Complaint

DATED:

_____
Plaintiff